IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANGELA M. YOUNG,                                                    CV. 06-1577 KI

                    Plaintiff,                                     OPINION AND ORDER

            v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                    Defendant.

KING, Judge:

## INTRODUCTION

Plaintiff Angela M. Young ("Young"), brings this action pursuant to the Social Security

Act, 42 USC § 405(g), to obtain judicial review of a final decision of the Commissioner of the

Social Security Administration ("Commissioner") denying her claim for Disability Insurance

Benefits ("DIB"), a period of disability, and Supplement Security Income ("SSI") disability

benefits under Titles II and XVI of the Social Security Act.  For the reasons set forth below, the decision of the Commissioner is affirmed.

## PROCEDURAL BACKGROUND

In January 2004, Young filed applications for disability insurance benefits under Title II of the Act and SSI alleging disability since May 29, 2003, due to seizures.  Her  application was denied initially and upon reconsideration.  On March 2, 2006, a hearing was held before an Administrative Law Judge ("ALJ").   In a decision dated June 26, 2006, the ALJ found Young not disabled.  The Appeal's Council denied Young's request for review, making the ALJ's decision the final decision of the Commissioner.  Young now seeks judicial review of the Commissioner's decision.

## STANDARDS

A claimant is disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 USC § 423(d)(1)(A).  The initial burden of proof rests upon the claimant to establish his or her disability.  *Roberts v. Shalala*, 66 F3d 179, 182 (9th Cir 1995), *cert. denied*, 517 US 1122 (1996).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 USC § 405(g); *see also Andrews v. Shalala*, 53 F3d 1035, 1039 (9th Cir 1995).  "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Andrews*, 53 F3d at 1039.  The court must weigh all of the evidence, whether it supports or detracts from the

Commissioner's decision. *Martinez v. Heckler*, 807 F2d 771, 772 (9th Cir 1986). The

Commissioner's decision must be upheld, however, if "the evidence is susceptible to more than

one rational interpretation." *Andrews*, 53 F3d at 1039-40.

## DISABILITY ANALYSIS

The ALJ engages in a five-step sequential inquiry to determine whether a claimant is

disabled within the meaning of the Act. 20 CFR §§ 404.1520, 416.920. Below is a summary

of the five steps, which also are described in *Tackett v. Apfel*, 180 F3d 1094, 1098-99 (9th Cir

1999):

Step One. The Commissioner determines whether claimant is engaged in substantial

gainful activity. If so, claimant is not disabled. If claimant is not engaged in substantial gainful

activity, the Commissioner proceeds to evaluate claimant's case under step two. 20 CFR

§§ 404.1520(b), 416.920(b).

Step Two. The Commissioner determines whether claimant has one or more severe

impairments. If not, claimant is not disabled. If claimant has a severe impairment, the

Commissioner proceeds to evaluate claimant's case under step three. 20 CFR §§ 404.1520(c),

416.920(c).

Step Three. Disability cannot be based solely on a severe impairment; therefore, the

Commissioner next determines whether claimant's impairment "meets or equals" one of the

impairments listed in the Social Security Administration ("SSA") regulations, 20 CFR Part 404,

Subpart P, Appendix 1 ("Listing of Impairments"). If so, claimant is disabled. If claimant's

impairment does not meet or equal one listed in the regulations, the Commissioner's evaluation

of claimant's case proceeds under step four. 20 CFR §§ 404.1520(d), 416.920(d).

Step Four.  The Commissioner determines whether claimant is able to perform work he or she has done in the past.  If so, claimant is not disabled.  If claimant demonstrates he or she cannot do work performed in the past, the Commissioner's evaluation of claimant's case proceeds under step five.  20 CFR §§ 404.1520(e), 416.920(e).

Step Five.  The Commissioner determines whether claimant is able to do any other work. If not, claimant is disabled.  If the Commissioner finds claimant is able to do other work, the Commissioner must show a significant number of jobs exist in the national economy that claimant can do.  The Commissioner may satisfy this burden through the testimony of a vocational expert ("VE") or by reference to the Medical-Vocational Guidelines, 20 CFR Part 404, Subpart P, Appendix 2.  If the Commissioner demonstrates a significant number of jobs exist in the national economy that claimant can do, claimant is not disabled.  If the Commissioner does not meet this burden, claimant is disabled.  20 CFR §§ 404.1520(f)(1), 416.920(f)(1).

At steps one through four, the burden of proof is on the claimant.  *Tackett*, 180 F3d at 1098.  At step five, the burden shifts to the Commissioner to show jobs exist in the national economy that the claimant can perform.  *Id*.

## ALJ's DECISION

At step one, the ALJ found Young had worked after the alleged disability onset date, though not at a substantial gainful activity level.  This finding is not in dispute.

At step two, the ALJ found Young had the medically determinable severe impairments of a seizure disorder, marijuana use (significant because it interacts with anticonvulsant medication), an adjustment disorder with depressed mood, and a reading disorder. This finding is not in dispute.

4  - OPINION AND ORDER

At step three, the ALJ found that Young's impairments did not meet or medically equal a listed impairment. This finding is in dispute.

The ALJ determined that Young retained the residual functional capacity for all levels of physical exertion, though unable to work at unprotected heights or around dangerous machinery. She had moderate difficulty understanding, remembering, and carrying out detailed instructions, particularly if in a written format. This finding is in dispute.

At step four, the ALJ determined that Young was unable to perform her past relevant work as a hair dresser. This finding is not in dispute.

At step five, the ALJ found that Young was capable of performing other work that exists in the economy, including hand packager, photocopy machine operator, and cafeteria attendant. The ALJ concluded that Young was not under a disability as defined in the Act. This finding is in dispute.

## FACTUAL BACKGROUND

Young was born in 1979, and was 23 years old at the time of the alleged onset of disability. She completed a general equivalency diploma and obtained a license in cosmetology. Tr. 101, 300[1]

The medical records in this case accurately set out Young's medical history as it relates to her claim for benefits. The court has carefully reviewed the extensive medical record, and the parties are familiar with it. Accordingly, the details of those medical records will be set out below only as they are relevant to the issues before the court.

---

[1] Citations are to the page(s) indicated in the official transcript of the record filed with the Commissioner's Answer.

**DISCUSSION**

Young contends that the ALJ erred by:  (1) omitting limitations from the residual functional capacity determination; and (2)  relying on an inadequate hypothetical question to the Vocational Expert ("VE").

I.  Residual Functional Capacity Determination

Two forms were completed by psychologist Peter LeBray, Ph.D., in March 2004, and affirmed by Robert Henry, Ph.D., in July 2004- the Psychiatric Review Technique ("PRTF)(Tr. 157-63) and the Mental Residual Functional Capacity Assessment ("MRFCA")(Tr. 154-56).  Drs. LeBray and Henry found Young capable of concentration and attention to the extent of carrying out routine tasks with well established duties and instructions and clear expectations.  Tr. 156. Drs. LeBray and Henry also conclude that Young is precluded from her past work, but is capable of other work.  *Id.*

The ALJ determined that mental impairments limited Young to work that does not require understanding, remembering, and carrying out detailed instructions, especially in a written format.  Tr. 17.  Young objects that this RFC limitation does not fully reflect the ALJ's finding that she has "moderate limitations in concentration, persistence or pace [which] will not interfere with her ability to perform unskilled work and is not vocationally significant, given her occupational base which includes the 'entire exertional span....'"  Tr. 18.

When a claimant alleges mental impairments, the ALJ applies the familiar five-step framework, but must incorporate the psychiatric review technique described in 20 CFR § 404.1520a and 20 CFR § 416.920a.  This technique requires the ALJ to rate the degree of limitation in four broad functional areas:  activities of daily living; social functioning;

6  - OPINION AND ORDER

concentration, persistence, or pace; and episodes of decompensation.  20 CFR §§ 404.1520a(c)(3), 416.920a(c)(3).

These ratings are used at steps two and three of the decision making process.  Step two is the severity threshold; the claimant must show that she has an impairment that causes more than minimal limitations on her ability to perform work-related functions.  If the claim survives step two, the ALJ proceeds to step three and determines whether the impairments meets or is equivalent in severity to any of the presumptively disabling conditions listed in the regulatory Listing of Impairments at 20 CFR Part 404, Subpart P, Appendix 1.  *Yuckert,* 482 US at 140-41; 20 CFR §§ 404.1520(c), (d), 416.920(c), (d).

Under the psychiatric review technique, the severity ratings on the four broad categories of function are also used to resolve step three.  To establish equivalence with a presumptively disabling mental condition in the Listing of Impairments, the claimant must show marked impairment in more than one of the four broad categories of function.  20 CFR §§ 404.1520a(d)(2), 416.920a(d)(2).

Young correctly states that the ALJ found her moderately limited in concentration, persistence and pace.  He properly resolved step two in her favor by finding that she has severe mental impairments.  He properly resolved step three by finding that she failed to establish a listed impairment because she had not more than moderate impairment in the broad functional categories.

If the claimant meets her burden at step two, but fails to establish a presumptively disabling impairment at step three, the ALJ must assess her RFC and proceed to steps four and

five where the RFC is compared to work requirements of past work and other work in the

national economy. *Yuckert,* 482 US at 141-43; 20 CFR §§ 404.1520(e), (f), 416.920(e), (f).

      The ALJ does not use the four broad categories of function in assessing a claimant's RFC.

The RFC assessment requires a more detailed assessment of specific work-related functions for

meaningful comparison with the work-related activities required in specific occupations. SSR

96-8p, *available at* 1996 WL 374184.

      To assess Young's RFC, the ALJ considered the opinions of reviewing psychologists,

Young's activities and work history, and the record as a whole to determine her limitations in

specific work-related functions.

      Dr. LeBray found, in Section I of the MRFCA, that Young was moderately limited in the

ability to understand and remember detailed instructions, moderately limited in the ability to

carry out detailed instructions, and not significantly limited in the ability to maintain attention

and concentration for extended periods. Tr. 154. The MRFCA form states that Section I is for

recording the summary conclusions of the reviewing provider, and that "[d]etailed explanation of

the degree of limitation of each category...is to be recorded in Section III (Functional Capacity

Assessment)." *Id.* Dr. LeBray recorded in Section III that Young was capable of concentration

and attention to complete routine tasks, with well established duties and instructions, and would

need clear expectations. Tr. 156. The ALJ's RFC assessment of moderate difficulty in

understanding, remembering, and carrying out detailed instructions, adequately accounts for

these limitations.

      Young contends that the ALJ erred by failing to include a limitation on interaction with

the general public due to seizures, as identified by Dr. LeBray. Tr. 155-56. The ALJ noted that

Young's work activity as a cosmetologist in 2005 and 2006 was evidence that she did not have difficulty working with the general public.  Tr. 17.  In addition, Young testified at the March 2006 hearing that she had not had a seizure since June 2005, and that most of her seizures occurred at night.  Tr. 302.  The ALJ correctly noted the evidence that Young's seizure disorder was controllable with anticonvulsant medication, but that Young was not compliant with her medication instructions and continued to use marijuana, which interacts adversely with the anticonvulsant medication.  Tr. 16. The ALJ's rejection of the limitation on working with the general public is supported by substantial evidence.

The ALJ noted the February 2004 consultative examination by Alison Prescott, Ph.D.  Tr. 15, 164-68.  Dr. Prescott did not identify any specific mental limitations, but noted that Young showed good concentration, good short term memory, and appeared to be of average intellectual functioning.  Tr. 166.  She socialized and had a good range of activities of daily living, but showed slow speed of processing and, by her own report, had trouble reading.  Tr. 167.

Accordingly, the ALJ's RFC assessment limiting Young to work that does not require the understanding, remembering, and carrying out detailed instruction, particularly in written form, properly accounted for Young's mental limitations.  The RFC assessment reflects reasonable conclusions that can be drawn from the record as a whole regarding specific work-related functional limitations from Young's mental impairments.  Under such circumstances, the court may not substitute its judgment for that of the Commissioner.  *Batson,* 359 F3d at 1193.  The Commissioner's decision must be upheld, even if the "evidence is susceptible to more than one rational interpretation."  *Andrews  v. Shalala,* 53 F3d 1035,1039-40 (9th Cir 1995).

9  - OPINION AND ORDER

II.  <u>Vocational Expert Testimony</u>

Young contends that the ALJ's hypothetical question to the vocational expert failed to include all of her mental and physical limitations and was therefore inadequate.  As set out above, the ALJ properly included all limitations properly supported by substantial evidence.  The ALJ considered all of the evidence and reached an RFC assessment based on the limitations supported by the record as a whole.  He elicited vocational testimony based on hypothetical limitations that accurately reflected his RFC assessment.  The court must uphold the Commissioner's determination if it is supported by substantial evidence, even if Young might reasonably interpret the evidence differently.  *Andrews,* 53 F3d at 1039.

<u>**CONCLUSION**</u>

For these reasons, the ALJ's decision that Young is not entitled to disability insurance benefits or supplemental security income under Titles II and XVI of the Social Security Act is based on correct legal standards and supported by substantial evidence.   The decision of the Commissioner is affirmed and this case is dismissed.

IT IS SO ORDERED.

Dated this _____12th_____ day of November, 2007.


 /s/ Garr M. King_____
GARR M. KING
United States District Judge